UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH ANDERSON,<br><br>                               Plaintiff,<br><br>v.<br><br>SNAP, INC.,<br><br>                               Defendant. | Case No.: 22-cv-0256-GPC-DEB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[Dkt. Nos. 1, 2]** |

On February 25, 2022, Plaintiff Micah Anderson, proceeding pro se, filed a form complaint against Defendant Snap, Inc. (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) Based on the reasons provided below, the Court **DENIES** Plaintiff's motion to proceed in forma pauperis and sua sponte **DISMISSES** the action for failure to state a claim.

//

//

1

**I.      Motion to Proceed In Forma Pauperis**

With the exception of an application for writ of habeas corpus, all parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee of $350 and an administrative fee of $52.[1] *See* 28 U.S.C. § 1914(a). An action may proceed when a plaintiff fails to prepay the fees only if the Court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To be granted such leave, the plaintiff must submit an affidavit demonstrating their inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff has provided a handwritten affidavit in addition to a bank account statement in his name current as of February 22, 2022, a hospital admission record dated May 8, 2019, a Schedule 13G form filed by two major shareholders in Snap Inc., a Form 10-Q filed by Snap Inc., and Form 4 SEC filings for some of Snap Inc.'s major shareholders that span from June 2019 to December 2019. (Dkt. No. 1.) Plaintiff's handwritten affidavit does not expressly include a statement of his assets. (Dkt. No. 1 at 8.[2]) Pursuant to 28 U.S.C § 1915(a)(1), Plaintiff must include a complete statement of his assets to successfully proceed IFP; such a statement is missing from Plaintiff's handwritten affidavit. *Id.* Construed liberally, Plaintiff's motion can be interpreted to include the bank statement and hospital record that he has provided as attached exhibits. Even so, the motion lacks a complete statement of Plaintiff's assets. Plaintiff's bank

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52 in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). For persons granted leave to proceed IFP, this administrative fee does not apply. *Id*.

[2] Page numbers are based on CM/ECF pagination.

statement indicates that he has $5.65 in available balance and made a counter credit deposit of $100 in his account on February 11, 2022. (Dkt. No. 1 at 15.) The source of the counter credit is unknown based on the materials Plaintiff has provided. The statement may support the proposition that Plaintiff is unable to pay the filing and administrative fees, but it is not by itself sufficient evidence to conclude as such. It is unknown whether Plaintiff has any additional sources of income, additional bank accounts, or assets. Without the provision of further material to contextualize the statement, the bank statement does not by itself satisfy the 1915(a)(1) requirement of a complete statement of assets. Plaintiff's hospital admission record also does not include any statement of assets or monetary impact on Plaintiff. (Dkt. No. 1 at 18.)

The attached Schedule 13G, Form 10-Q filing, and Form 4 SEC filings do not relate to or contextualize Plaintiff's ability to pay, as they do not give any information about Plaintiff.

Plaintiff's bank statement is the only evidence that provides insight into plaintiff's ability to pay, but Plaintiff has failed to provide a complete statement of his assets. Accordingly, the Court **DENIES** Plaintiff's motion for leave to proceed IFP with leave to amend.

**II.     Sua Sponte Screening of Plaintiff's Complaint**

a.     *Legal Background*

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) requires that a court reviewing a complaint filed pursuant to an IFP motion

*sua sponte* rule on its own motion to dismiss before directing service of the complaint by the U.S. Marshal pursuant to Federal Rule of Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

The language of 1915(e)(2)(b)(ii) parallels that of Federal Rule of Civil Procedure 12(b)(6). *See Lopez*, 1127; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As such, a *sua sponte* review of the dismissal of a complaint filed pursuant to an IFP motion is conducted according to the same evaluative standard as that which governs 12(b)(6). If the complaint fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides criteria for determining what constitutes a claim for relief. Such a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not mean that a plaintiff needs to provide "detailed factual allegations," but the rule does require a plaintiff to plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In basic terms, the complaint needs to have sufficient factual matter underlying a legally actionable claim against a defendant.

      b.    *Plaintiff's Allegations*

Here, Plaintiff's Complaint alleges this Court exercises both diversity jurisdiction (Dkt. No. 1 at 4) and federal question jurisdiction. (Dkt. No. 1 at 12.) In his Complaint, Plaintiff seeks the return of the money that he alleges he invested in Snap Inc. (Dkt. No. 1 at 6.) While Plaintiff's Complaint makes no clear demand for a specific amount of

money, he alludes to Snap Inc. owing him money on the basis that the company is holding his investments contrary to his desire to have the company return these investments to him. On the Civil Cover Sheet (Dkt. No. 1-1), Plaintiff categorizes his suit as one involving Securities Fraud and Manipulation. However, nowhere in the Complaint does he identify any specific statute. The federal statutory category nearest to this allegation is 18 U.S.C. § 3301, but the category is so broad that it covers conduct ranging from making misleading statements to violations of Securities and Exchange Commission orders. *See* 15 U.S.C. § 78ff; *see also* 15 U.S.C. § 80b-17. As such, it remains unclear what exact claim Plaintiff is making. While it is not included in the Complaint form, Plaintiff alleges in an attached exhibit that he is owed a total of approximately $290,838. (Dkt. No. 1-3 at 2.) Plaintiff does not make clear how this this sum was calculated, and it is not clear that this is indeed the actual amount alleged, as Plaintiff includes numerous dollar amounts for various assets at issue in that exhibit. Plaintiff indicates that his claim arises from an event that occurred on July 16, 2019. He alleges that this event was Snap Inc.'s failure to return his investments to him.

    c.    *Analysis*

        i.    Jurisdictional Issues

If the $290,838 amount is indeed the amount owed and requested here, then Plaintiff's complaint would satisfy the Amount in Controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1331. As Plaintiff and Snap Inc. are citizens of different States based on information provided by Plaintiff, diversity jurisdiction would be apt here if the facts presented are to be taken to be true. *Id.*

Even if the criteria for diversity jurisdiction or federal question jurisdiction have been met, this Court is not the proper venue for this claim. 28 U.S.C. § 1391. Neither party resides in the Southern District of California, and no part of the stated events

1  occurred in the Southern District of California. Even if Plaintiff's complaint were to have
2  merit, it cannot proceed further in this Court.

3            ii.    Sua Sponte Review

4      Beyond jurisdictional and venue issues, Plaintiff's allegations in his complaint do
5  not plausibly establish a claim upon which relief can be granted. His central allegation—
6  that he is owed money on the basis of Snap Inc.'s failure to return his investments—lacks
7  underlying factual matter sufficient for a plausible claim. Anderson has failed to provide
8  sufficient information relevant to his investment in Snap Inc., so an inference regarding
9  Snap Inc.'s liability cannot reasonably be made. The information provided does little to
10 raise the right to relief above a speculative level, as there is no inferential link provided
11 by the facts that plausibly ties Snap Inc.'s liability to Plaintiff's Complaint.
12 Plaintiff's Complaint does not allege a clearly identifiable actionable claim, nor does he
13 provide sufficient factual allegations from which the Court can discern a cause of action.
14 While Plaintiff alludes to Securities Fraud and Manipulation as the basis for his suit (*see*
15 Dkt. No. 1-1), he does not cite specific statutes or provide additional information in his
16 claim outside of his assertion that Snap Inc. is holding his investments. Without any
17 citation or further specification, the Court cannot find a clearly actionable claim for relief.
18 Absent an actionable claim and sufficient underlying factual matter to render a claim
19 plausible, the Court *sua sponte* **DISMISSES** Plaintiff's complaint for failure to state a
20 claim with leave to amend.
21 / /
22 / /
23 / /
24 / /
25 / /
26
27
28

## CONCLUSION

Based on the above, the Court **DENIES** Plaintiff's motion to proceed in forma pauperis and *sua sponte* **DISMISSES** the complaint for failure to state a claim. If Plaintiff seeks to file an amended complaint, he must do so no later than **August 5, 2022**.

**IT IS SO ORDERED.**

Dated: July 14, 2022

Hon. Gonzalo P. Curiel
United States District Judge